# GMS ⬚ LAW
## ——— ATTORNEYS ———
### GOLDENBERG • MACKLER • SAYEGH
### MINTZ • PFEFFER • BONCHI • GILL

**KEITH A. BONCHI**
Attorney at Law
**EMAIL:** kbonchi@gmslaw.com

**Please Reply To:** Northfield

A PROFESSIONAL CORPORATION

660 NEW ROAD, FIRST FLOOR, NORTHFIELD, NEW JERSEY 08225
PHONE: (609) 646-0222 | FAX: (609) 646-0887

www.gmslaw.com
TAX ID #22-1980737

**ATLANTIC CITY**
1030 ATLANTIC AVENUE
ATLANTIC CITY, NJ 08401
**PHONE:** (609) 344-7131
**FAX:** (609) 347-6024

**RIO GRANDE**
THE HERALD BUILDING
1508 ROUTE 47 SOUTH, SUITE 3
RIO GRANDE, NJ 08242
**PHONE:** (609) 886-4333
**FAX:** (609) 886-9441

**VINELAND**
1173 EAST LANDIS AVENUE
BUILDING B, SUITE 2
VINELAND, NJ 08360
**PHONE:** (856) 839-0953
**FAX:** (856) 839-0959

August 7, 2018

VIA CM/ECF & FIRST-CLASS MAIL

Hon. Michael B. Kaplan, U.S.B.J.
402 East State Street
Courtroom #8
Trenton, NJ 08608

RE: In re Steven M. Sheerer, Sr. and Michele M. Sheerer, Debtors
Chapter 13 Case No. 17-17506-MBK
Our File No. 51333-721

Dear Judge Kaplan:

Please accept this letter brief in lieu of a more formal brief in reply to the certification that has been filed in opposition to the Motion to vacate the stay.

Debtor's counsel submits a certification that does not dispute the fact that the Debtor failed to notice the lienholder, Phoenix Funding of the bankruptcy. Hence, Phoenix was not in a position to protect its interest since it was unaware of the bankruptcy. The tax sale certificate was sold at a public tax sale to Phoenix Funding on June 6, 2016. (See **Exhibit A** to statement of counsel). The Debtor filed bankruptcy on April 13, 2017 or approximately ten months later. The subject tax sale certificate was recorded with the Clerk of Ocean County on August 10, 2016 providing notice to the entire world. Furthermore, the Debtor would have received notice of the tax sale and delinquency notices and apparently failed to advise their attorney of the fact that there was a tax sale certificate out there.

Debtor's attorney instead of conceding this issue and asking to amend the plan to include the claim of Phoenix Funding, tries to argue that somehow the plan that incorrectly provides for

Hon. Michael B. Kaplan, U.S.B.J.
August 7, 2018
Page 2

payment to the tax collector of Barnegat Township should be enforced. Barnegat Township only has a right to file a Proof of Claim for those monies owed to it. When a third-party lienholder purchases a tax sale certificate, it is the third-party lienholder who should file a Proof of Claim. Of course, since Phoenix Funding was not noticed on this bankruptcy, it had no opportunity to file a Proof of Claim.

Since Barnegat Township has already been paid the taxes by Phoenix Funding, it should not be accepting the money. The Debtor argues to this Court that since the Tax Sale Law provides that all redemptions monies are to be paid directly to the tax collector, it should somehow allow payment through the tax collector's office of an improper amount.

In a bankruptcy scenario, no tax collector shall act as the collection agent of the lienholder. Debtor's counsel argues that the Court should enforce the Tax Sale Law. N.J.S.A. 54:5-54 specifically indicates that all redemption shall be made through the tax collector's office "unless authorized by court order or pursuant to federal bankruptcy law." Hence the Tax Sale Law specifically envisions a situation where redemption monies will not be paid through the tax collector's office. The reason for the above is that the Tax Sale Law does not allow payment plans that are done under the bankruptcy law. N.J.S.A. 54:5-60 indicates that the amount to redeem shall be "the amount required for redemption shall include all sums for subsequent taxes, municipal liens and charges, and interest and costs thereon, actually paid by the holder of the tax title....". Hence, under state law, the Debtor would be unable to redeem through the tax collector unless the Debtor paid the full amount required to redeem.

However, federal bankruptcy law supersedes state law and allows a payment plan in accordance with a Chapter 13 bankruptcy. Those payments should be made directly to whoever the creditor says those payments should go to. Third-party lienholders always require those payments go directly to them since tax collectors will not accept same. Therefore, the mistake in

Hon. Michael B. Kaplan, U.S.B.J.
August 7, 2018
Page 3

this case was made solely by the Debtor in failing to properly inform their counsel that a tax sale certificate had been sold. Again, the tax sale certificate was properly recorded providing notice to the entire world of same.

In the within matter, if the Court accepts Phoenix's argument that there really is no equity in this property, it should grant relief from the stay. If the Court disagrees, then the Debtor should be required to file an amendment to the plan, include the proper amount due and owing to Phoenix Funding and to pay Phoenix Funding within the remaining months of the plan.

The argument that somehow Phoenix Funding should pursue a claim against Barnegat Township is absurd. Barnegat Township is immune under the Tort Claims Act from any act assuming it did a wrongful act. Here, Barnegat Township has no legal authority to file a Proof of Claim on behalf of Phoenix Funding. The third-party lienholder must file its own Proof of Claim. In order to do the above, it must actually be properly noticed so it can protect its interest in the bankruptcy.

For all of the above stated reasons, unless the Debtor can prove that there is equity in the property and is willing to amend its plan to pay Phoenix Funding the full amount that it is due over the remaining months of the plan, the Court should grant relief from the automatic stay.

Very truly yours,

KEITH A. BONCHI

KAB:amc
cc:    Albert Russo, Ch. 13 Trustee (via CM/ECF & 1st class mail)
Office of the U.S. Trustee (via CM/ECF & 1st class mail)
Steven M. Sheerer, Sr. (via 1st class mail)
Michele M. Sheerer (via 1st class mail)
Valerie Smith (via 1st class mail)
PNC Bank N.A. (via 1st class mail)
Township of Barnegat (via 1st class mail)
US Bank Cust for Phoenix Funding (via email)